EDWARD PALEN, AS GENERAL GUARDIAN OF ISAAC N. BENTON, AN INFANT, RESPONDENT, v. MARGARET H. STARR, APPELLANT.

*Attorneys — acts done by, under general authority — binding on client.*

Proceedings regularly had by attorneys, lawfully appearing for the respective parties, cannot, in the absence of fraud, be questioned by their clients because of the want of specific authority to do the acts done or consented to by them.
A married woman may charge her separate estate by directing her attorney to allow judgment to be taken against her, though she was not liable in the action.

APPEAL from an order, refusing to vacate a judgment and allow defendant to come in and defend.

*John J. Linson*, for the appellant.

*Geo. McLaughlin*, for the respondent.

BOARDMAN, J. :

Mr. Starr, defendant's husband was the guardian of the infant, Benton. Starr becoming insolvent, as also his sureties, was removed and Palen appointed in his stead. Upon an accounting Starr was found indebted to Benton about $600, and refusing or neglecting to pay was attached for contempt, and fined $620 for the benefit of his ward, and committed to jail until the fine was paid.

Soon after an attorney acting for defendant, began negotiations for the release of Mr. Starr, which resulted in an agreement between the attorneys for these parties, that the plaintiff should bring an action against the defendant to recover of her $620, and that defendant's attorney should offer to allow plaintiff to take judgment for that amount, which was accordingly done. It was further agreed that, in consideration of such judgment, defendant's husband was to be released from his imprisonment. That certain real estate contracted by defendant to be sold should not be bound by the judgment, and that execution upon the judgment should be stayed a year. These conditions were all performed by plaintiff, and now, eighteen months after the entry of judgment, the defendant having received all the benefits contracted for, seeks to repudiate her liability, set aside the charge made by her on her separate estate, and contest her original liability. She concedes that a summons was duly served upon her; that she employed an attorney to appear for her and do whatever in his judgment was best. Under such authority the proceedings were had, and judgment rendered as stated. Now she denies any specific authority to her attorney to allow such judgment to be taken against her. But that is of no consequence since the attorney had general powers. She denies any knowledge of such judgment until just before this motion was made, but that is equally idle since notice of the judgment was given to her attorney immediately after its entry.

There is no pretense that the defendant's attorney has been guilty of any fraud or collusion, or that he is not responsible. Now, if he has done the defendant any wrong, which I do not believe, she must look to him for satisfaction. He has appeared by her authority. He has done what he had the right to do under such authority. His act binds the defendant. It will not do to allow proceedings regularly had by attorneys, lawfully appearing for the respective

parties, to be questioned by their clients for want of specific authority in the absence of fraud. The defendant cannot for the reasons assigned by her attack the conduct of her attorney in this case.

But upon the main proposition there is no difficulty. The defendant saw fit by judgment to charge her separate estate with the payment of her husband's debt.

Concede that she was under no legal liability to do so, yet she had the right out of her own means to pay such debt. She could give her note therein charging her separate estate for such debt and it would be valid against her and her property. She could secure the payment of the debt by mortgage of her property and such mortgage would be valid. She could create a specific lien by the confession of judgment and it would bind her estate. Equally binding and conclusive is the judgment in this case.

It is not a question whether she could have defended this action. For reasons of her own she did not choose to do so. By not defending she obtained the release and discharge of her husband from jail, and secured his personal services in her business affairs thereby. The plaintiff has lost the security he had against her husband. That security cannot be restored. The plaintiff cannot revive his remedy against the husband.

Under such circumstances it would be unjust to allow defendant to repudiate her contract, after she had reaped all its benefits, without the intent if she had the ability or the ability if she had the intent to restore the plaintiff to his original condition and without the possibility on plaintiff's part of securing his former advantages.

The order should be affirmed with ten dollars costs and expenses of printing.

Present LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Order affirmed with costs.